O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE ANDRADE, | Case No. EDCV 04-664 AN |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. Pursuant to the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding issues concerning remand and/or immediate payment of benefits ("JS").

The relevant background facts are familiar to both parties and Plaintiff has stipulated that the decision of the Administrative Law Judge ("ALJ") fairly and accurately summarizes the hearing testimony and medical evidence in the record except as noted in her contentions.

1    In the JS, Plaintiff contends the ALJ erred by: (1) failing to give proper weight to her treating physicians' opinions of disability; and (2) failing to pose a complete hypothetical question to the vocational expert. The Commissioner disagrees.

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contentions lack merit and are rejected for the reasons expressed by the Commissioner in her portions of the JS and the following reasons.

The ALJ did not err in rejecting the opinions of disability given by Drs. Anderson and Boling because the opinion of a treating physician "is not necessarily conclusive as to either the physical condition or the ultimate issue of disability." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Further, the ALJ also stated that he discounted their opinions because they principally appeared to be based upon Plaintiff's subjective complaints that were not supported by significant objective clinical findings. [Administrative Record at 16.] This is a legitimate reason for discounting these opinions because "[a] physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of [her] symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'" *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (*quoting Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)). Further, the ALJ's decision reflects that he properly discounted these opinions and gave more weight to the opinions expressed by the non-treating physicians "by setting out a detailed and thorough summary of the facts and conflicting medical evidence, stating his interpretation thereof, and making findings" that showed the opinions and findings expressed by the non-treating physicians were supported by independent medical evidence in the record, and he gave specific and legitimate reasons for giving more weight to the non-treating physicians. *Magallenes*, *id.*; *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). In this regard, the Court also rejects Plaintiff's assertion that the ALJ only gave a "one sentence rationale" for discounting the opinions of disability of her treating physicians. [JS at 4:22-23.]

The Court also finds the ALJ's hypothetical question to the vocational expert was

1  complete because it included all of the non-exertional limitations that he found were
2  credible. A review of Plaintiff's contentions shows her second argument is premised
3  upon her speculative contention that the ALJ "apparently accepted" Dr. Parikh's finding
4  that she "could not interact appropriately with coworkers due to depression." [JS at 7:24-
5  8:10.] However, the ALJ's decision indicates that he discounted this finding because it
6  conflicts with Dr. Parikh's many other findings to the contrary, findings that include
7  Plaintiff gets along with family members, has close friends, and has no problems with
8  neighbors. [AR 15, 393, 396.] The ALJ's decision also shows that he discounted
9  Plaintiff's subjective complaints about the severity of her depression for the same reason.
10 Regardless, Dr. Parikh's report is ambiguous on this point and the ALJ's decision shows
11 that he resolved this ambiguity against Plaintiff. By doing so, the ALJ did not err because
12 the ALJ is responsible for determining credibility, resolving conflicting testimony,
13 resolving ambiguities, and the ALJ "is entitled to draw inferences 'logically flowing from
14 the evidence.'" *Andrews*, 53 F.3d at 1039; *Macri v. Chater*, 93 F.3d 540, 543-544 (9th
15 Cir. 1996). Consequently, inferences and conclusions as the ALJ may reasonably draw
16 from the evidence are upheld. *See Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).
17 Likewise, an ALJ's findings are upheld where the evidence is susceptible of more than
18 one rational interpretation. *Andrews*, 53 F.3d at 1039-1040.

19       Accordingly, the Court finds the ALJ's determination of non-disability is free of
20 legal error and supported by substantial evidence in the record. Therefore, Plaintiff's
21 request for an order directing the payment of benefits or remanding this case for further
22 proceedings is DENIED, and the Commissioner's request for an order affirming the
23 Commissioner's final decision and dismissing the action is GRANTED. The clerk shall
24 enter judgment, close the file and terminate all pending motions.

25
26
27 DATED: September 30, 2005     /s/ Arthur Nakazato
                                                    ARTHUR NAKAZATO
28                                         UNITED STATES MAGISTRATE JUDGE